UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

AARON ISAAC ARAUZ-MEDINA,

Petitioner,

v.

WARDEN OF ADELANTO ICE PROCESSING CENTER,

Respondent.

Case No. 5:26-cv-05326-SB-MBK

ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner Aaron Isaac Arauz-Medina is a Nicaraguan citizen who reentered the United States in 2021 after being removed from the country. In 2025, immigration officers arrested Petitioner, the government reinstated his removal order, and an immigration judge (IJ) determined that he had failed to establish that he would be persecuted if removed to Nicaragua. Petitioner's appeal of the IJ's decision is currently pending before the Ninth Circuit.

This Court adjudicated Petitioner's first petition for a writ of habeas corpus and application for a temporary restraining order (TRO) in December 2025. The Court concluded that Petitioner was not entitled to release but ordered the government to provide him with the process required by 8 C.F.R. § 241.4(l)(1)—notice and an interview. *Arauz Medina v. Janecka*, 5:25-cv-03258, Dkt. No. 11 (Dec. 16, 2025). Petitioner filed his second petition for a writ of habeas corpus and TRO application on October 5, 2026, raising many of the claims as before. The Court denied the TRO application and deferred ruling on the habeas petition until Petitioner filed his reply.[1] *See* Dkt. No. 11.

A district court may grant habeas relief to a petitioner who demonstrates that he is in custody in violation of federal law. 28 U.S.C. § 2241(c)(3); *see Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (stating that § 2241 permits federal courts to grant habeas relief to aliens detained "in custody in violation of

[1] The Court accepts the late reply and has considered it.

the Constitution or laws or treaties of the United States"). For the reasons set forth in the Court's order denying the TRO application, and the additional reasons below, Petitioner has not shown that he is entitled to habeas relief. *See* Dkt. No. 11 at 2–3 (rejecting Petitioner's claims under 8 U.S.C. § 1226(a), the Fourth and Eighth Amendments, and *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001)).

In reply, Petitioner principally argues that due process warrants relief. He claims that he never received the notice or informal interview that the Court ordered after adjudicating his first petition. The government has submitted a notice bearing what appears to be Petitioner's acknowledgment signature and an officer's record of an interview, both dated December 17, 2025. Dkt. No. 10-1. Petitioner disputes receiving either. Dkt. No. 13 at 8 (denying that he received notice or an interview). The Court need not resolve that factual dispute here because compliance with the prior judgment is properly addressed in the earlier action. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) (recognizing a district court's authority to determine compliance with its prior habeas order). The alleged noncompliance does not itself establish an entitlement to release or a bond hearing in this action.

Petitioner separately argues that his approximately 12 months of detention without a bond hearing independently violates due process. Due process does not establish a categorical entitlement to release or a bond hearing after 12 months. Whether additional process is required depends on the circumstances, including the detainee's liberty interest, the risk of erroneous detention, and the government's interests. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022). Here, Petitioner remains subject to a reinstated final removal order, the government represents that it can promptly remove him if the Ninth Circuit lifts its stay, and his continued detention serves the legitimate purpose of effectuating removal. Petitioner has not established that the administrative custody-review procedures under 8 C.F.R. § 241.4 are constitutionally inadequate in his circumstances or that due process requires release or an individualized bond hearing before an immigration judge.

Accordingly, the petition is denied. A separate judgment will issue.

Date: October 29, 2026

Stanley Blumenfeld, Jr.
United States District Judge